IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALLIANCE TRANSPORTATION AND LOGISTICS, LLC | § § § | |
| Plaintiff, | § § | |
| vs. | § | CASE NO. 2:21-CV-249-BR |
| G&J TRUCK SALES, INC. | § § § | |
| Defendant. | § § | |

**DEFENDANT G&J TRUCK SALES, INC.'S**
**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

To The Honorable Judge of Said Court:

Defendant G&J TRUCK SALES, INC. ("G&J") moves for Summary Judgment on all of Plaintiff's claims, and in support thereof would show the Court the following:

### I. SUMMARY

Alliance bought three Freightliner trucks from G&J. Even though Alliance had an independent inspection of the trucks before purchasing and bought the vehicles "as is," Alliance brought claims against G&J for defects later discovered, asserting causes of action for breach of contract, fraud, and under the DTPA.

G&J is entitled to summary judgment as a matter of law for two reasons. First, Alliance cannot demonstrate causation as a matter of law because the professional inspections of the trucks were an intervening and superseding cause. Alliance relied on the results of the inspections, not any assurances made by G&J. Second, when a buyer purchases property "as is," the elements of reliance and causation are negated in the absence of fraudulent inducement. Because Alliance has

no evidence of a fraudulent inducement, summary judgment in favor of G&J is appropriate on each of Alliance's causes of action.

## II. GROUNDS

G&J Truck Sales, Inc. moves for summary judgment on one or more of the following grounds:

1. The professional inspections of the vehicles negates the elements of reliance and causation as a matter of law;

2. The "as is" agreement in the contract negates the elements of reliance and causation as a matter of law.

## III. SUMMARY JUDGMENT EVIDENCE IN SUPPORT OF MOTION

G&J relies on the evidence attached in the Appendix filed herewith.

G&J intends to rely on these documents as summary judgment evidence. G&J also intends to rely on the pleadings on file in this case.

## IV. FACTS

On June 6, 2019, Alliance purchased a purple 2008 Freightliner ("2008 Truck") from G&J. Alliance purchased the 2008 Truck "as is." *See* Appendix Page No. 2. Alliance became dissatisfied with the truck and returned it to G&J. G&J agreed to credit Alliance for the purchase price of the 2008 Truck. *See* Appendix Page No. 1.

Several months later, on October 22, Alliance agreed to purchase a 2010 Freightliner, a 2011 Freightliner, and a 2012 Freightliner (collectively, "the three trucks") from G&J. *See* Appendix Page Nos. 16-19. Alliance had pre-purchase inspections performed on these three trucks on November 21. *See* Appendix Page Nos. 3-7 and Appendix Page Nos. 8-14. Following the inspections, Alliance agreed to purchase the three trucks. *See* Appendix Page Nos. 9-12. G&J made

clear the three trucks would be sold "As Is on all issues," and it would not be issuing credits or retaking possession of the trucks. *See* Appendix Page No. 8. Alliance ultimately signed an invoice purchasing the three trucks **"As Is - No Warranty."** *See* Appendix Page No. 1. Alliance alleges problems arose with the three trucks following the purchase, and it filed suit seeking damages under Texas law for breach of contract, fraud, and violations of the DTPA. 4th Am. Original Compl.

## V. ARGUMENT AND AUTHORITIES

G&J moves for summary judgment on all of Alliance's claims because there is no genuine issue of fact on one or more elements of Alliance's claims for breach of contract, fraud, and violations of the Deceptive Trade Practices Act.

### A. *Summary Judgment Standards*

Summary judgment should be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden falls on the movant to identify areas essential to the non-movant's claim for which there is an absence of a genuine issue of material fact. *Chambers v. Sears, Roebuck & Co.*, 793 F. Supp. 2d 938, 945 (S.D. Tex. 2010), *aff'd*, 428 Fed. Appx. 400 (5th Cir. 2011). The moving party need not negate the elements of the nonmovant's case. *Chambers*, 793 F. Supp. 2d at 945. Rather, when the nonmovant bears the burden of proof at trial, the movant may merely point to the absence of evidence and shift the burden to the nonmovant. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017).

If the moving party meets its initial burden, the nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue of material fact for trial. *Chambers*, 793 F. Supp. 2d at 945. A dispute as to a material fact is genuine if the evidence is such that a

reasonable jury could return a verdict for the nonmovant. *Chambers*, 793 F. Supp. 2d at 945. In deciding whether a genuine and material fact issue has been created, the court views the facts and inference to be drawn from them in the light most favorable to the nonmoving party and resolves any doubts in its favor. *In re La. Crawfish Producers*, 852 F.3d at 462; *Chambers*, 793 F. Supp. 2d at 945.

### B. *The inspections of the trucks negate causation and reliance as a matter of law*

To prove a claim for breach of contract under Texas law, the plaintiff must demonstrate it sustained damages as a result of the defendant's breach of a valid contract. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, no pet.). In a fraud cause of action, the plaintiff must show (1) the defendant made a material representation that was false; (2) that it knew was false or made it recklessly as a positive assertion without knowledge of its truth; (3) with the intent to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *JP Morgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). The plaintiff must show it actually relied on the defendant's representation and that its reliance was justifiable. *JP Morgan Chase Bank, N.A.*, 546 S.W.3d at 653. Justifiable reliance may be determined as a matter of law when circumstances exist under which the plaintiff's reliance cannot be justified. *JP Morgan Chase Bank, N.A.*, 546 S.W.3d at 655.

Finally, reliance is a necessary element of a Deceptive Trade Practices Act violation. Tex. Bus. & Comm. Code Ann., §17.50(a)(1)(b) (West 2021); see *Larsen v. Carlene Langford & Associates, Inc.*, 41 S.W.3d 245 (Tex. App.—Waco 2001, pet. denied). Further, a DTPA claim requires proof the defendant's actions were the producing cause of the plaintiff's damages. Tex. Bus. & Comm. Code Ann. § 17.50(a). Some causal connection must be shown between the

deceptive act and the actual damages suffered. *Camden Machine & Tool, Inc. v. Cascade Company,* 870 S.W.2d 304, 311 (Tex. App.—Fort Worth 1993, no writ).

Thus, for each of its causes of action, Alliance must prove G&J's actions caused its damages. Also, Alliance must prove reliance as an element of its fraud and DTPA causes of action. Alliance cannot make either of these showings, however, because, as a matter of law, the pre-purchase inspections of the trucks negate a showing of both reliance and causation. Alliance did not rely on any statements or omissions of G&J in coming to its decision to purchase the trucks.

Courts have held that an independent inspection before the purchase of a home establishes, as a matter of law, that the buyer did not rely on any misrepresentation or failure to disclose on the part of the seller. *Dubow v. Dragon*, 746 S.W.2d 857, 860-61 (Tex. App.—Dallas 1988, no writ). In *Dubow,* the buyer-plaintiffs had an independent inspection of a home performed. *Id*. at 858. The inspector prepared a report for the plaintiffs identifying several problems, both existing and potential. *Id.* After receiving the report, the plaintiffs hired a foundation specialist to examine the home and prepare his own report. *Id*. at 858-59. Again, several problems with the home were identified. *Id*. The plaintiffs then hired an architect and contractor to inspect the property and prepare estimates for necessary repairs. *Id.* at 859. Based on the figures contained in the estimates, the plaintiffs renegotiated with the sellers who agreed to lower the purchase price by the amount required to perform the repairs. *Id.* The court held, as a matter of law, that the buyer's careful inspection of the house and the procurement of professional opinions intervened and superseded any alleged wrongdoing of the defendant, including the making of misrepresentations or failing to disclose all known defects. *Id*. at 860. Thus, the buyers could not maintain causes of action under the DTPA. *Id.* at 861.

Further, consider the facts of the *Camden Machine & Tool, Inc.* case, in which the buyer-plaintiff conducted his own investigation of the property, retaining several contractors and engineers to provide him opinions and estimates as to the extent of damage and the scope of work required. *Camden Machine & Tool, Inc. v. Cascade Co.*, 870 S.W.2d 304, 308 (Tex. App.—Fort Worth 1993, no writ). This independently obtained information alerted the buyer to the severity of the property's problems, despite any contrary representations by the defendant. *Id.*, at 312-13. As such, any alleged misconduct by the defendant was not the producing cause of the plaintiff's injury and, therefore, not actionable. *Id.*, at 313.

The facts in the above-cited cases are similar to those currently before this Court, and therefore, the same reasoning should apply here. Alliance conducted its own investigation as to the condition of the three trucks. It retained its own licensed inspector to perform an inspection and prepare a report on the vehicles. Relying on those inspections, Alliance purchased the three trucks in their present condition, or "as-is." The effect of the professional inspections was to intervene and supersede any alleged misrepresentations or failure to disclose on behalf of G&J. *See Dubow*, 746 S.W.2d at 859. Thus, any alleged wrongdoing on the part of G&J is not the producing or proximate cause of Alliance's damages. Further, the professional inspections negate the element of reliance in Alliance's fraud and DTPA causes of action. Therefore, G&J is entitled to summary judgment, as a matter of law, as to all of Alliance's causes of action.

### C. An "as is" agreement negates the elements of reliance and causation

The parties in this lawsuit reached an agreement for Alliance to purchase the three trucks "as is." *See* Appendix Page No. 1. Generally, an "as is" agreement negates causation as a matter of law. *Prudential Ins. Co. of Am. v. Jefferson Assocs.*, 896 S.W.2d 156, 161 (Tex. 1995). By agreeing to purchase "as is," the buyer agrees to make his own appraisal of the bargain and to

accept the risk that he may be wrong. *Prudential*, 896 S.W.2d at 158. A buyer's agreement to purchase something "as is" generally precludes the buyer from proving that the seller's conduct caused the buyer any harm. *Id.* at 161. Such a buyer cannot hold a seller liable for the physical condition of the property because the buyer has agreed to rely on his own determination of the condition and value of the purchase, removing the possibility that the seller's conduct can legally cause damage. *Id.*

The court in *Prudential* reasoned:

> The sole cause of a buyer's injury in such circumstances, by his own admission, is the buyer himself. He has agreed to take the full risk of determining the value of the purchase. He is not obligated to do so; he could insist instead that the seller assume part or all of that risk by obtaining warranties to the desired effect. If the seller is willing to give such assurances, however, he will ordinarily insist upon additional compensation. Rather than pay more, a buyer may choose to rely entirely upon his own determination of the condition and value of his purchase. In making this choice, he removes the possibility that the seller's conduct will cause him damage.

*Id.*; *see also*, *Smith v. Radam*, 51 S.W.3d 413, 416 (Tex. App.—Houston [1st Dist.] 2001) (stating an "as-is" clause precludes a buyer from proving the seller's conduct caused him any harm). Moreover, an "as is" clause is enforceable with respect to latent defects if the buyer had an unimpaired opportunity to inspect before signing the contract. See *Mid Continent Aircraft Corp. v. Curry County Spraying Serv., Inc.,* 572 S.W.2d 308, 313 (Tex. 1978) (on an "as is" contract, the buyer has taken the entire risk as to the quality of the [property] and the resulting loss"). A buyer will not be bound by an "as is" agreement, however, if proof of fraudulent inducement is shown. *Prudential*, 896 S.W.2d at 162; *Larsen*, 41 S.W.3d at 253.

The Northern District of Texas has applied the same reasoning to an "as is" clause in a vehicle lease agreement. *Owens v. Mercedes-Benz USA, LLC*, 541 F. Supp. 2d 869, 871 (N.D. Tex. 2008). The court held the plaintiff must produce some evidence to show the "as is" clause was

ineffective to negate causation. *Owens*, 541 F. Supp. 2d at 871. Because the plaintiff failed to do so, the defendant was entitled to a summary judgment dismissing the DTPA claims. *Owens*, 541 F. Supp. 2d at 872.

Here, Alliance had the three trucks inspected before agreeing to purchase them. *See* Appendix Page No. 9 and Appendix Page No. 12. It required G&J to make modifications to the three trucks based on those inspections, and then had the three trucks re-inspected. *See* Appendix Page Nos. 8-14. G&J made clear the three trucks would be sold "As Is on all issues," and it would not be issuing credits or retaking possession of the trucks. *See* Appendix Page No. 8. Alliance ultimately signed an invoice purchasing the three trucks "as is." *See* Appendix Page No. 1.

By signing the contract with the "as is" clause, Alliance is held to have known and understood the effect of what it was signing. *See Tamez v. Southwestern Motor Transport, Inc.*, 155 S.W.3d 564, 570 (Tex. App.—San Antonio 2004, no pet.) ("[A] person who signs a contract ... must be held to have known and fully comprehended the legal effect of the contract."); *See Cole v. Johnson*, 157 S.W.3d 856, 862 (Tex. App.—Fort Worth 2005, no pet.) (In "as is" sale, the seller "gives no express or implied guarantees regarding the value or the condition of the property").

Moreover, Alliance has no evidence G&J had actual knowledge of defects in the trucks that it failed to disclose. *See Owens*, 541 F. Supp. 2d at 871 (burden is on the plaintiff of proving fraudulent misrepresentation once the defendant has established an "as is" agreement). Nor does Alliance have evidence of misrepresentations made by G&J. Accordingly, the "as is" agreement negates causation in each of Alliance's cause of action and negates reliance in its fraud and DTPA claims. Therefore, G&J is entitled to Summary Judgment on all of Alliance's causes of action against G&J, as the "as is" clause negates, as a matter of law, the necessary reliance and causation elements of Plaintiff's causes of action.

WHEREFORE, PREMISES CONSIDERED, Defendant G&J Truck Sales, Inc. requests that upon final hearing of this Motion, the Court enter an Order granting G&J's Motion for Summary Judgment on each and every cause of action alleged in Alliance's Fourth Amended Complaint and that Alliance take nothing by this suit. In the alternative, Defendant requests this Court enter an Order granting its Motion for Summary Judgment in part. Defendant further requests it recover all costs and attorneys' fees together with such other and further relief to which G&J may be justly entitled.

Respectfully submitted,

 /s/ Thomas C. Riney
Thomas C. Riney
Tom.Riney@uwlaw.com
State Bar No. 16935100
UNDERWOOD LAW FIRM, PC
500 S. Taylor, Suite 1200
Amarillo, Texas 79101
Phone:(806) 376-5613
Fax: (806) 379-0316

*ATTORNEYS FOR DEFENDANT*
*G&J TRUCK SALES, INC.*

## CERTIFICATE OF SERVICE

       This is to certify a true and correct copy of ***G&J Truck Sales, Inc.'s Motion for Summary Judgment*** was this 9th day of September 2022 served on all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Eric D. Walker                                      *VIA ECF*
  ewalker@mwtrialfirm.com
MORALES | WALKER PLLC
6060 N. Central Expressway, Suite 500
Dallas, Texas 75206

      *ATTORNEYS FOR PLAINTIFF*

                                              _____*/s/Thomas C. Riney*_____
                                                      Thomas C. Riney